ADOLPHUS S. RUTHERFORD, receiver &c. plaintiff in error, vs. CHARLES CLEGHORN, SEABORN JONES, and ROBERT E. DIXON, administrator &c., defendants in error.

A defendant in equity, is entitled to a writ of error, to reverse the order of the Court below, sustaining exceptions to the sufficiency of his answer.

In equity from Muscogee county. Tried before Judge WORRILL, May Term, 1858.

This was a bill filed by Adolphus Rutherford, as receiver against Seaborn Jones, Charles Cleghorn, and the administrator of Daniel McDougald, deceased. Cleghorn, Jones, and Robert E. Dixon, administrator of Daniel McDougald, filed

their separate answers to the bill. Complainant filed twelve exceptions to each of said answers. The Court sustained eleven out of the twelve exceptions, and ordered defendants to answer over, by a given day. Jones and Dixon answered over, but Cleghorn excepted to the decision of the Court, sustaining the exceptions as to his answer, presented his bill of exceptions which was signed and certified, and paid the cost, and gave bond and security as provided by law, before the day upon which he was required to answer over.

After the expiration of the time allowed to answer over, counsel for complainant moved that Cleghorn be attached for a contempt, in not answering over, or that the bill be taken *pro confesso* as to him; which motion the Court refused, holding that the bill of exceptions operated as a supercedeas of said order, as to Cleghorn. To which decision complainant excepted.

WM. DOUGHERTY, for plaintiff in error.

WELLBORN, JOHNSON & SLOAN, for Cleghorn.

*By the Court.*—LUMPKIN J. delivering the opinion.

The question in this case: A defendant in equity files his answer to the bill. Complainant excepts; his exceptions are sustained; and the defendant required to answer over by a given time, which failing to do, an attachment is moved which is resisted by the defendant, on the ground, that he has excepted to the prior order, requiring him to answer over; and that having given bond in the case, in terms of the law, the cause is superceded.

The chancellor refused to grant the attachment, and we hold correctly, according to the past practice of this Court upon this subject. Had not a writ of error been prosecuted at the time, it never could have been under the law as it now stands. The main question made by the bill, has not yet

been tried; and it is very doubtful when it will be. Had the defendant waited till final judgment, more than thirty days having transpired from the adjournment of the Court, when the decision upon the exceptions was made, the defendant would have been remediless. The Legislature, not the Court, must apply the remedy; a remedy imperiously demanded. Let no case be brought up, until after final judgment; and not even then, so as to control the discretion of the Court below, in ordering a full answer. Jones and Dixon complied with the order of the Court, amending their answers. Why should not Cleghorn?

Judgment affirmed.